## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Diahanna Fuller, | : Civil Action No.: _____ |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| Capital Accounts, LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Diahanna Fuller, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## <u>PARTIES</u>

4.     The Plaintiff, Diahanna Fuller ("Plaintiff"), is an adult individual residing in Marietta, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Capital Accounts, LLC ("Capital"), is a business entity located in Brentwood, Tennessee 37027, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Capital and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Capital at all times acted by and through one or more of the Collectors.

## <u>ALLEGATIONS APPLICABLE TO ALL COUNTS</u>

### A. <u>The Debt</u>

8.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Capital for collection, or Capital was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. <u>Capital Engages in Harassment and Abusive Tactics</u>**

12.    In or around September 2015, Capital placed calls to Plaintiff's minor daughter's cellular telephone in an attempt to collect the Debt from Plaintiff.

13.    In or around September 2015, Plaintiff returned the calls to Capital, advised Capital that they were calling her daughter while she was at school, and demanded that Capital remove her daughter's number from their calling system.

14.    Capital continued to place calls to Plaintiff's daughter's cellular telephone, causing Plaintiff to call Capital and reiterate her request for Capital to cease calls to her daughter's cellular telephone number.

15.    During the above conversation, Plaintiff informed Capital that she had retained counsel and provided Capital with her counsel's contact information.

16.     Upon notice of attorney representation, Capital continued to engage Plaintiff in conversation, and continued to harass Plaintiff by asking if Plaintiff "paid her attorney."

17.     Capital continued to place calls to Plaintiff's daughter's cellular telephone number after being advised to cease calls to that number and with the knowledge that Plaintiff was being represented by an attorney.

**C. <u>Plaintiff Suffered Actual Damages</u>**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

<u>**COUNT I**</u>

<u>**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***</u>

21.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

22.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants attempted to contact the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the debt.

27.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, *et seq.*

29.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

31.     The Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

32.     The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

33.     The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

34.      Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 25, 2016

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Diahanna Fuller
LEMBERG LAW L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250 ext. 5500
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com

8